# Exhibit 1

# STIPULATION REGARDING BANKRUPTCY CLAIM DISPUTE

WHEREAS, JULIANNE NGUYEN BERRY, through her undersigned counsel, WAYNE FOSTER BERRY, through his undersigned counsel, and the POST CONFIRMATION TRUST (the "PCT" and collectively, the "Parties"), through its counsel, wish to enter into a stipulation as follows:

WHEREAS, on August 23, 2004, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") confirmed a plan of reorganization (the "Plan") in the matter *In re Fleming Companies, Inc.*, Case No. 03-10945 (the "Bankruptcy Case"). The Plan provides that holders of unsecured claims shall receive a ratable portion of stock in Core-Mark International, Inc. plus a ratable portion of cash made available for distribution to such creditors. *See* Plan Article III.

WHEREAS, on July 24, 2009, Wayne Berry filed proof of claim number 18920 ("Claim Number 18920") in the Bankruptcy Case;

WHEREAS, on August 25, 2009, Julianne Berry filed proof of claim number 18923 ("Claim Number 18923") in the Bankruptcy Case;

WHEREAS, Claim Number 18920 and Claim Number 18923 are duplicative claims, in that they both seek to recover on the same underlying judgment entered in *Berry v. Fleming Cos., Inc.*, No. CV-01-00446-SPK-LEK (D. Haw.) and the appeal proceedings filed in the Ninth Circuit Court of Appeals *Berry v. Fleming Cos., Inc.*, No. 05-15223 (9th Cir.) which final judgment and mandate were entered in favor of Wayne Berry (the single right to payment on account of such judgment, the "Competing Claim");

WHEREAS, the Bankruptcy Court has ordered Wayne Berry and Julianne Berry to seek

1

resolution regarding the ownership of the Competing Claim in the Hawaii Family Court;

WHEREAS, the Family Court, on October 27, 2010, ordered Wayne Berry and Julianne Berry to enter into a stipulation directing the PCT to deposit the proceeds of the Competing Claim into an escrow account pending the Hawaii Family Court's determination regarding ownership of the Competing Claim;

WHEREAS, the Family Court, on January 26, 2011, orally ruled that determination of the right to payment from the Competing Claim was to await the outcome of the pending appeal;

WHEREAS, Wayne Berry and Julianne Berry have asked the PCT to deposit the proceeds of the Competing Claim into an escrow pursuant to the Family Court's October 27, 2010 order;

WHEREAS, to facilitate the escrow arrangement, the PCT has agreed to liquidate the ratable Core-Mark International, Inc. common stock distributable on account of the Competing Claim, and to deposit the cash proceeds of such liquidation, together with any other ratable cash distributions payable on account of the claim, into an escrow account, all subject to Bankruptcy Court approval;

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1. Wayne Berry and Julianne Berry shall take all actions necessary to establish an escrow account (the "Escrow Account").

2. The Parties agree that the cash value of the Competing Claim is $40,000 (the "Claim Proceeds"), which amount has been calculated by (i) multiplying the share value of Core-Mark International, Inc. common stock ($32.97/share) on April 18, 2011 by the ratable number of shares distributable on account of the Competing Claim (850.68 shares), and adding that

amount to (ii) the ratable cash distribution to which the Competing Claim is entitled under the Plan (based on current cash distributions to date), and then (iii) rounding that amount up by approximately $4,000 to account for any variation in the Core-Mark International, Inc. stock price, to account for any potential future cash distributions, and to provide a cash incentive for implementation of the settlement.

3. The PCT shall deposit the Claim Proceeds into the Escrow Account in full and final satisfaction of the Competing Claim upon approval of this stipulation. Wayne Berry and Julianne Berry will be responsible for providing the PCT with instructions for depositing the Claim Proceeds into the Escrow Account.

4. Wayne Berry and Julianne Berry agree that neither of them shall be entitled to any further distribution from the PCT on account of Claim Number 18920 or Claim Number 18923, and each of Wayne Berry and Julianne Berry withdraw their respective claim in exchange for the PCT's payment of the Claim Proceeds into the Escrow Account. For the avoidance of doubt, Mr. Berry will be entitled to bring future claims against the PCT so long as he complies with the terms of that certain *Settlement Agreement and Stipulated Leave to File Injunction* between Mr. Berry and the PCT.

5. The PCT shall, upon its deposit of the Claim Proceeds into the Escrow Account, have no further obligations with respect to the Claim Proceeds, the Competing Claim, or the Escrow Account.

6. This stipulation may be executed in counterparts and electronically transmitted signatures shall be considered as originals for all purposes.

7. The stipulation shall be subject to Bankruptcy Court approval.

3

*[The remainder of this page is intentionally left blank. Signatures are on the following page.]*

AGREED AND SO STIPULATED

_____    5/6/2011
TIMOTHY J. HOGAN                    Date
Attorney for Defendant Wayne Berry


_____    5-12-11
CARL OSAKI                          Date
Attorney for Defendant Julianne Berry


_____    5/9/2011
ERIN N. BRADY                       Date
Attorney for the PCT

4